**MUNCH v KROEGER, Supt.**

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1562. Decided Jan. 24, 1940.

54

Paul Scherer, Jacobson & Durst, Dayton, for plaintiff-appellee.

McConnaughey, Demann & McConnaughey, Dayton, for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on appeal on a question of law and fact from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

Plaintiff filed her petition on October 17, 1935, wherein she sought to have her account in the Miami Savings & Loan Company as a running stock account restored to its claimed proper status as a deposit account, and that thereafter her claim be allowed as a general creditor.

April 17, 1936, the defendant filed answer. On March 2, 1937, the Miami Savings & Loan Company was made party defendant, and, on March 23rd following plaintiff filed supplemental petition. Thereafter motions and demurrers were filed, all of which were overruled, and the Building & Loan Company filed answer on October 15, 1937.

Cause was submitted on the pleadings, oral testimony, and agreed statement of facts.

Finding and judgment was returned in favor of the plaintiff as prayed for.

By agreement of counsel the cause was submitted in this Court on the same evidence as presented before the trial court.

On April 16, 1914, the plaintiff **and** her husband, Ernest H. Munch, opened a special deposit account with the Miami Loan & Building Association. The account was carried as No. 6719. The last entry in this book is January 4, 1930.

On May 27, 1930, the Building & Loan Company, successor to the association, without any authority so to do, transferred all special deposit accounts, including plaintiff's, to stock or running stock accounts. This action was illegal and unauthorized, and at a subsequent date a Common Pleas Court in Montgomery County ordered all accounts thus transferred to be restored to their former status. This order did not have the effect of restoring plaintiff's account for the reason that between the time of the "Field Day" transfer and the date of the court order for restoration, Ernest H. Munch had deceased, and the account had been transferred to plaintiff, and a new book given with a new number.

Also presented in the evidence as Defendant's Exhibit 12 is an executed subscription card upon which defendant relies entirely for its claim that plaintiff's account is properly listed as a running stock account, and not a special deposit account. This subscription card standing alone would amply support defendant's position. However, when taken in connection with other testimony and surrounding circumstances a very different situation is presented.

Mrs. Munch gives testimony that she has no recollection of signing the subscription card.

She does remember at different times of signing cards, but she says she was told that it was for the purpose of identifying her signature; that no officer or employee of the bank ever talked to her about subscribing for stock, and that she never knew that her account was carried in the Building & Loan Company as a stock account until Janu-

ary 1934; it being an admitted fact that the officers of the building and loan, on their own motion and without knowledge of its depositors, made a general transfer of all deposits to stock accounts. It should not take very much evidence to warrant a finding that the subsequent transaction with Mrs. Munch was surreptitiously and intentionally planned to deceive. This case is very similar to that of **Sharts v Warner,** decided by this Court June 4, 1936, and reported in **23 Abs., Vol. 23, page 88,** in which case we determined that the plaintiff was entitled to have her account restored to the status of a deposit account. In that case we stated and repeat here that each case must stand on its own facts, but where facts are very similar as they are in the two cases we can properly draw on the reported case as a precedent. We have no difficulty in determining that plaintiff's account was unauthorizedly and unlawfully transferred to the status of a running stock account without the knowledge or consent of plaintiff, and that she was entitled to have the same restored as per the prayer of petition.

A further question is presented through the record as to whether or not Barbara Margaret Munch was a proper party plaintiff.

The account was carried on the books in the name of Barbara Margaret Munch, Executrix.

Prior to the death of plaintiff's husband, the account had been carried in their joint names. The husband left a will devising all his property to his widow. In the course of the settlement of the estate, the Tax Commission issued a certificate to Mrs. Munch releasing the account from any tax demands. This certificate was presented to the Building & Loan Company and through inadvertence, as we think, the account was issued to Mrs. Munch, Executrix, instead of to her individually.

In the exhibits we have the file from the Probate Court, and therein is contained the final account showing that the estate of Ernest H. Munch has been settled through the filing of the final account; that in the final account balance was due Mrs. Munch, the Executrix, but that she cancelled the obligation.

The account in question would be the absolute property of Mrs. Munch for the reason that she was the sole legatee under the will of her husband.

A second question is raised that plaintiff's claim is barred by the Statute of Limitations. The Miami Building & Loan Company was first taken over for liquidation by the defendant's Superintendent on April 18, 1933. Notice for presentation of claims was published and the final date fixed was July 15, 1933. Plaintiff did not file her claim with the Superintendent until January 31, 1934. Contention is made that under the provisions of §687-6 plaintiff should have presented her claim within 90 days from the date of last publication. This Court has previously had this question before it and it then determined that §687-6 GC, is not a Statute of Limitations. **Schultheis v Kroeger, Superintendent, etc., 27 Abs 474;** and **Lurie v Building & Loan Company,** No. 1541, Montgomery County, unreported March 8, 1939. **(29 Abs 42).**

Complaint is also made that the Miami Building & Loan Company was not made party defendant at the time the original action was filed. **Sec. 687-6 GC** was again relied upon in support of this claim.

In the closing paragraph of the section it is provided in substance, that any person aggrieved by rejection of his claim by the Superintendent shall bring an action against the Superintendent **and such association** within three months after such rejection, etc.

We find no merit in this contention. §11230 GC determines that the time of commencement of action shall date from the time of date of service of summons on either defendant where two or more are united in interest. Reference is also made to the following Ohio decisions: **Draher v Waters, 130**

Oh St 92; Snider v Young, 72 Oh St 494.
Finding and judgment for plaintiff.
Costs are adjudged against defendant.

HORNBECK, PJ. & GEIGER, J., concur.